[No. 17364. Department Two. February 17, 1923.]

JOHN L. CRIEZ, *Respondent*, v. SUNSET MOTOR
COMPANY, et al., *Appellants*.[1]

INSANE PERSONS (2)—INCOMPETENCY—PRESUMPTIONS AND BUR-
DEN OF PROOF. Upon an issue as to whether the mental condition of
plaintiff, a paroled inmate of an asylum, caused an automobile col-
lision, he has the burden of overcoming the presumption from the
fact that insanity, once shown, continues to exist; and hence may
offer evidence as to his sanity at the time of the accident.

SAME (2). In such a case, defendant is entitled to rebut such
evidence, by the record of an uncontested petition for guardianship
on the ground of insanity, filed nine days after the accident.

HIGHWAYS (52, 59)—COLLISION—MEETING AND PASSING—DUTY OF
DRIVER—INSTRUCTIONS. In an action for injuries from an automo-
bile collision caused by an overtaking car, the jury should be in-
structed that the passing vehicle is bound only to exercise ordinary
care and skill in the act, and should give signal required by the
law in force at the time of the accident.

SAME (52, 59)—ACTIONS FOR INJURIES—CONTRIBUTORY NEGLIGENCE
—MENTAL CAPACITY—INSTRUCTIONS. In an action for injuries sus-
tained by a person alleged to be insane while he was driving his
car, an instruction as to his contributory negligence should not be
based upon the care that would be exercised by an ordinary pru-
dent person "possessing the same mental capacity"; since mental
incapacity to drive a car would be no excuse for negligence.

DAMAGES (28)—ESTOPPEL OR WAIVER—RECOVERY OF INSURANCE
MONEY ON DAMAGED PROPERTY. In an action for damages from a
collision to an insured automobile purchased on a conditional sales
contract, plaintiff is entitled to recover the amount of the damages,
notwithstanding the vendor collected $400 on the insurance policy
and credited it to plaintiff on the unpaid purchase price.

Appeal from a judgment of the superior court for
Pierce county, Askren, J., entered February 21, 1922,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action for damages sustained in an au-
tomobile collision. Reversed.

[1]Reported in 213 Pac. 7.

*Charles E. Patterson, Tom S. Patterson,* and *John W. Heal, Jr.,* for appellants.

*Grant A. Dentler* and *Schneider & Cochran,* for respondent.

·· TOLMAN, J.—This is an action to recover damages alleged to have been sustained as the result of an automobile collision. The cause was ˙tried to a jury, which returned a verdict in favor of the plaintiff and against the defendants in the sum of $5,833. On motion for a new trial, the amount of the verdict was reduced to $4,183, and from a judgment thereon, the defendants have appealed.

It appears that, on June 18, 1920, after a regular hearing in the superior court for Pierce county, re-·spondent was adjudged to be insane, being afflicted with what physicians describe as manic depressive psychosis, probably curable, and he was ordered committed to the Western State Hospital for the Insane, and on the same day, by written order of the court, he was paroled in the care of his brother for private treatment. The accident out of which this action arises occurred on August 4, 1920, at which time respondent was driving a Dodge touring car on the highway from Puyallup to Tacoma, when appellant Whitcomb, an employee of the appellant Sunset Motor Company, and then engaged in its business, driving a Hudson car, overtook and passed respondent, and, it is alleged. did so in a negligent, reckless and unskilled manner so as to cause the cars to collide and force respondent's car off the paved roadway and over the embankment, causing the injuries complained of.

It is appellants' theory that respondent was, at the time of the accident, suffering from a form of insanity which caused him to be excitable, irritable and un-

reasonable, and without ordinary judgment, and that he became angered and excited by the attempts of appellant Whitcomb to pass, and either drove his car off the road as the result of an insane impulse, or became so wrought up as to completely lose control of the car, and that, in either event, there was no actual collision.

This court, in the case of *In re Brown,* 39 Wash. 160, 81 Pac. 552, 109 Am. St. 868, 4 Ann. Cas. 488, 1 L. R. A. (N. S.) 540, quoted with approval from Schouler on Wills, as follows:

"The presumption being that general insanity once shown to exist still continues, unless of a temporary sort, like the delirium of drunkenness or a fever, the burden of proof to establish a lucid interval or mental restoration rests upon the party who asserts it. Schouler, Wills (3d ed.), § 189, and cases cited."

and such seems to be the general rule. Therefore respondent had the burden as to his mental condition at the time of the accident, and the court did not err in permitting witnesses to testify in his behalf as to his sanity at and after the time of the accident. One of the witnesses so testifying was Ernest I. Criez, a brother, and to meet this testimony appellants offered in evidence a certified copy of the entire record in a proceeding in the same court instituted August 13, 1920, or nine days after the accident, for the appointment of a guardian for respondent. The petition recites:

"That John L. Criez was adjudged insane by the above entitled court on or about the 18 day of June, 1920, and has been committed to the hospital for insane at Fort Steilacoom, Washington, and that he is incompetent to manage his property and estate and has no legally appointed guardian for the same."

and is verified by Ernest I. Criez.

The order made and filed August 26, 1920, after personal service of notice upon respondent, recites: "and it appearing to the court that said John L. Criez is an insane person," etc. Since respondent did not con-

test this proceeding in any way, and since there was an issue as to respondent's sanity at the time of the accident, and during the period when he claimed a loss of earnings, we think this evidence was admissible, and especially so as affecting the weight to be accorded to the testimony of Ernest I. Criez on the question of sanity.

There was evidence tending to show that respondent was sent to the asylum after the accident in order that he might there be treated for his injuries, and not because of his mental condition. This was sufficient to justify the submission to the jury of the question of damages through loss of wages, as it was for the jury to determine whether respondent was incapacitated by his injuries or by his mental condition.

Instruction numbered 16, as given by the trial court, is attacked upon two grounds: first, because it makes the driver of the overtaking and passing vehicle an insurer of the overtaken vehicle; and second, because it makes the giving of a signal by the overtaking driver a condition precedent to his right to pass. There is some slight ground for the first criticism, not sufficient if standing alone to call for a reversal; but, since the case must be retried, attention is called to the matter in order that, upon a new trial, it may be so amended as to tell the jury that, in passing another, the driver of the passing vehicle is bound only to exercise ordinary care and skill in that act, as in all others, and is liable only for his failure to exercise such ordinary care and skill.

On the second point it is urged that the accident occurred prior to the enactment of ch. 96, Laws of 1921, p. 251 (Rem. Comp. Stat., § 6312), and that therefore subds. 4 and 5 of § 28 of that act do not here apply. Prior acts do not contain similar provisions, but do

require a signal whenever there is danger of a colli-sion or accident, and the instruction should have con-formed to the law in force at the time the accident occurred.

The court gave an instruction in part as follows:

"However, in passing upon the question of whether or not the plaintiff was guilty of negligence as alleged in the answer, you will take into consideration the cir-cumstances surrounding him at the time and require him to act as an ordinarily careful and prudent person would do under the same circumstances *and possess-ing the same mental capacity.* When a person is con-fronted with a situation which requires immediate thought and action, he is not required to use the same discretion and judgment one would be expected to ex-ercise where he has ample time for meditation and de-liberation, but he is only required to act with the same judgment and discretion another ordinary prudent person would exercise under the same circumstances *and possessing the same mental capacity.*"

Cases may and doubtless have arisen where such an instruction respecting mental capacity would be proper. We have no quarrel with the cases cited by respondent to sustain the instruction, save that, as we view it, they have no application here. Our stat-utes are all-embracing and prescribe certain fixed and positive rules for the government of those who op-erate motor vehicles upon the public highways. These rules must be complied with by all, and want of mental capacity will excuse none. The plain intent of the law is that none shall operate upon the highways who are incapable of understanding and observing these rules, and the courts may not invite the mentally deficient to operate vehicles, capable of doing great damage when improperly handled, by fixing a rule which absolves from observation of the statutory mandate.

The last assignment of error which we find it necessary to discuss relates to the amount of the recovery for damages to respondent's automobile. It appears that respondent had purchased this machine under a conditional sales agreement reserving title in the vendor. The vendor had insured the car against accidental damage, and after this accident occurred the vendor collected from the insurance company on its policy the sum of $400, which was credited upon the contract, reducing by that sum the amount which respondent had agreed to pay. Appellants contend that, under the judgment appealed from, respondent has been allowed the full value of the car and, through the credit of the insurance money, has received a bonus or profit of $400 in addition. In *Stotts v. Puget Sound Tr., L. & P. Co.,* 94 Wash. 339, 162 Pac. 519, L. R. A. 1917D 214, a conditional vendee was held to be in the same position as a bailee and entitled to maintain an action against one who had damaged the property in his possession, to the extent of its full value. In *Alaska Pacific Steamship Co. v. Sperry Flour Co.,* 94 Wash. 227, 162 Pac. 36, it was squarely held that the fact that the injured party was compensated by insurance was of no concern to the one causing the injury and his liability was in no way lessened thereby. The following language by Judge Cooley in *Perrott v. Shearer,* 17 Mich. 48, was quoted with approval:

"It certainly strikes one, at first, as somewhat anomalous that a party should be in position to legally recover of two different parties the full value of goods which he has lost; but we think the law warrants it in the present case, and that the defendant suffers no wrong by it. He is found to be a wrongdoer in seizing the goods, and he cannot relieve himself from responsibility to account for their full value, except by re-

storing them. He has no concern with any contract the plaintiff may have with any other party in regard to the goods, and his rights or liabilities can neither be increased nor diminished by the fact that such a contract exists. He has no equities as against the plaintiff which can entitle him, under any circumstances, to an assignment of the plaintiff's policies of insurance. The accidental destruction of the goods in his hands, was one of the risks he run when the trespass was committed, and we do not see how the law can relieve him from the consequences. If the owner, under such circumstances, keeps his interest insured, he cannot be held to pay the money expended for that purpose for the interest of the trespasser. He already has a right of action for the full value of the goods, and he does not give that away by taking a contract of insurance. For the latter he pays an equivalent in the premium, and is, therefore, entitled to the benefit of it, if any benefit shall result. The trespasser pays nothing for it, and is, therefore, justly entitled to no return.''

The legal effect of the insurance here was the same, and the final results accomplished were the same, as would have been the case had respondent paid for the car before the accident instead of afterwards and taken the insurance in his own name. In either case, he seems to be within the rule laid down by Judge Cooley.

Other matters presented hardly justify a further discussion. One or two other instructions might have been more happily worded, but cannot be held to be erroneous.

For the reasons already assigned, the judgment will be reversed and the cause remanded for a new trial.

MAIN, C. J., FULLERTON, PARKER, and PEMBERTON, JJ., concur.