GUILLERMO MONTALVO, Plaintiff and Appellant, *v.* JORGE LUCAS VALDIVIESO, Defendant and Appellee.

No. 4322. Argued May 1, 1928.—Decided July 16, 1928.

*Leopoldo Tormes* for the appellant. *R. V. Pérez Marchand* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Ponce sustaining a motion of nonsuit and dismissing the complaint.

Guillermo Montalvo brought an action for damages against Jorge Lucas Valdivieso in the District Court of Ponce. The plaintiff substantially alleged that he was the owner of a "Buick" car, plate No. 1787; that the said car was going along the road towards Yauco on the night of January 6, 1926; that between 9 and 10 on that night a "Hudson" car belonging to the defendant, plate No. 5091, and driven by

the chauffeur Honorio Ubides in the service of the defendant who was also traveling in it, was ascending; that the said chauffeur was driving carelessly and made his car collide with that of the plaintiff which received the impact on the left rear part; that as a result of the collision the car of the plaintiff had its chassis, engine and wheels damaged and could not be driven; that the accident was due exclusively to the negligence of the chauffeur of the defendant who failed to take the necessary precautions when passing and caused the collision; that the plaintiff has suffered damages as a result of the accident in the sum of two thousand dollars on account of the breakage of his car, loss of his time and money. The complaint appears to be verified.

The defendant admitted in his answer that on the night and at the hour mentioned in the complaint he was traveling with others in his car from Yauco to Ponce, and that there was a collision between his car and the "Buick" car, plate No. 1787; but denied that the accident was due to the negligence of the employee of the defendant and alleged that it was exclusively due to the fault, inexperience and carelessness of the plaintiff who pushed the car of the defendant over an incline damaging it considerably; he denied that the car of the plaintiff had been so damaged that it could not be driven; alleged that the collision was due to the plaintiff who was traveling very fast, and filed a counterclaim for his alleged damages.

The counterclaim was answered by the plaintiff who specifically denied the allegations made therein.

The case went to trial and after the introduction of the plaintiff's evidence the defendant filed a motion of nonsuit. By a ruling dated August 2, 1926, the court sustained the motion and rendered judgment dismissing the complaint. The present appeal has been taken from that judgment.

The following errors have been assigned by the appellant:

"1. The trial court erred in considering as having been denied in the answer of the defendant the fact in regard to the possession

of the 'Buick' car, plate No. 1787, in connection with the plaintiff Guillermo Montalvo and in allowing, as it did, an impertinent interrogatory tending to investigate facts which were not in issue in connection with a certain insurance of the said car.

"2. The trial court erred in considering that Guillermo Montalvo had no right or cause of action against the defendant Jorge Lucas Valdivieso on account of the accident which occurred on January 6, 1926, in connection with the 'Buick' car No. 1787.

"3. The trial court erred in sustaining the motion of nonsuit filed by the defendant and dismissing, as it did, the complaint in the case at bar."

In his answer to the complaint and when arguing on the second averment thereof, the defendant said:

"Second. From this averment of the complaint the defendant only admits that on the date and at the hour referred to the defendant was traveling with other persons in a car belonging to him from Yauco to Ponce; and he also admits that between 9 and 10 o'clock on the night of January 6, 1926, there had been a collision between his aforesaid car and a 'Buick' car, plate No. 1787, of the year 1925–26. But the defendant denies that the accident in question took place on a hill and denies likewise that the said accident was brought about by the negligence or fault of the chauffeur of the defendant, whose behavior then and there was and has always been that of a careful and competent man; and on the other hand the defendant alleges that the said accident was exclusively caused by the inexperience, carelessness and fault of the plaintiff whose negligent driving caused the car of the defendant to be thrown over an incline with considerable damages.

"Third. The defendant denies again that the accident occurred on a hill and denies the damages alleged to have been caused to the plaintiff's car, likewise denying that the said car was left in such condition that it could not be driven, and alleges, on information and belief, that the said 'Buick' car, plate No. 1787, did not stop to pick up the defendant and the persons who accompanied him, was driven by its own engine and got to Yauco after the accident in question."

There are besides similar phrases in the fourth and fifth averments of the answer.

The appellant maintains that the defendant admitted that

the "Buick" car belonged to the plaintiff, and that the admission of proof as to such ownership was error on the part of the court.

It appears from the stenographic notes that the plaintiff Guillermo Montalvo while being examined by his own attorney testified as follows:

"The same policeman ordered the car to be moved from there because it was in the way and we moved it into a cross street and left it where it did not obstruct the traffic until the next day when we wired to the Insular Motor to send it to be repaired and informing it of what had happened to me, because on that day, the fourth, one of the instalments had become due and I was busy trying to get the money to cover the instalment because I had to pay one instalment amounting to some twenty-five dollars on January 10, because I had to pay one hundred and twenty-eight dollars on account of the car to the Insular Motor, because I had bought the car conditionally."

It is clear that the plaintiff himself by his own evidence has raised the question of the ownership of the car by declaring that he had bought it under a conditional sale agreement. Logically the court could not prevent on cross-examination reference to be made to the same question which had been raised on direct examination. The objections in this respect from counsel for the plaintiff were neither admissible nor opportune.

It is going too far when it is alleged that because the defendant failed to deny specifically the ownership of the plaintiff over the "Buick" car and drew up his allegations in the way he did, and because it is provided in section 132 of the Code of Civil Procedure that every material allegation of the complaint not controverted by the answer must be taken as true, the defendant should thereby be prevented to discuss and show the ownership, since it was the plaintiff himself who on direct examination raised this question in a manner other than appeared from his complaint. If he states that he had bought under a conditional sale contract, that statement and that admission must stand against the person

making it and we will be entirely within the real doctrine of the admissions as an element of proof.

It is true that the aforesaid section from the Law of Procedure provides that material allegations of the complaint not controverted by the answer must be taken as true. It might be a constructive admission about which the following may be quoted:

"A constructive admission, as by failure to deny a traversable allegation, has no probative value, although, so far as necessary to effectuate its purpose, it is, even if not offered in evidence, conclusive on the specific issue to which it applies, unless or until changed by amendment or otherwise." 22 C. J. 331.

In *Johnston* v. *City of Los Angeles,* 31 Cal. A. 41, 159 Pac. 873, the defendant Carter alleged in one of his defenses that certain land was included in the City's deed, but he abandoned that contention at the trial. When deciding the question the court said:

"It is said that defendant Carter cannot raise the question that the land was not so included in the Griffin-Welsh deed, because he affirmed in his answer that the land was so included. It is true that in one of the defenses set out, Carter did make that allegation, but he expressly abandoned and disclaimed that contention at the trial, and hence we think that allegation cannot be viewed as an admission of the fact contended for."

This was a case where there was an allegation with an express admission.

This question may be raised and determined in simple terms of elemental logic. In this class of admissions, if they really can be called such, the existence of the allegation which has not been controverted is an essential element. But if that allegation disappears, the admission alleged thereon also disappears; the absence of a base implies the absence of a consequence. Hence, from the allegation of ownership not controverted there arises the procedural admission in question; but if the allegation disappears, the admission also disappears.

We think that, under the jurisprudence, the position of the plaintiff might perhaps have been strong, if he himself had not raised the question of the existence of a conditional sale contract. He raised it and can not complain if the defendant went to meet him on that ground.

The court might have admitted the proof, specially since it sprang from the testimony of the plaintiff himself who did not confine himself to state the above, but insisted on cross-examination in testifying that he had a conditional sale contract (pages 95 and 98 of the stenographic transcript).

The second error assigned is, as has been stated, that the court declared that Guillermo Montalvo had no right or cause of action against the defendant Valdivieso by reason of the accident referred to in the complaint.

A reading of the ruling of the trial court regarding the motion of nonsuit shows us the problem involved in the present case in the greatest possible light. It is therein stated by the court that if the plaintiff Montalvo has alleged that the "Buick" car which was damaged was his property he ought to have shown such ownership, and that the car belonged to him by virtue of the extended instalments written on his contract which had matured a few days before the accident, and that the car had been conditionally sold to Montalvo by the Insular Motor Corporation which had an action against Valdivieso for the damages caused to the "Buick" car, plate No. 1787, which is the subject of this suit; and that the action had not been brought and prosecuted in the name of the party really in interest, because the plaintiff has testified that the car does not belong to him.

There is an important error in thus weighing the evidence. The plaintiff testified that the car in question was acquired by him under a conditional sale contract, and that he was still owing part of the purchase price. But the conclusion reached therefrom by the court, namely, that the plaintiff testified that the car did not belong to him, is not the right one. That was, and is, on the part of the court to make inferences from

the evidence; but what a witness may testify is nothing more than a question of fact and not a matter of legal opinion.

Act No. 61 of 1916 established what is called conditional sales. What in reality happens in this sort of sale is that they are affected by a resolutory condition, since so long as the purchase price is not paid up the absolute ownership of the goods sold does not pass to the purchaser. Section 6 thereof reads as follows:

"Whenever articles are sold upon the condition that the title thereto shall remain in the vendor, or in some other person than the vendee, until the payment of the purchase price, or until the occurrence of a future event or contingency, the same may be retaken by the vendor, or his successor in interest, on the breach of the condition, and in such case they shall be retained for a period of thirty days from the time of such retaking, and during such period the vendee, or his successor in interest, may comply with the terms of such contract, and thereupon receive such property. After the expiration of such period, if such terms are not complied with, the vendor, or his successor in interest, may cause such articles to be sold at public auction. Unless such articles are sold within thirty days after the expiration of such period, the vendee, or his successor in interest, may recover of the vendor the amount paid on such articles by such vendee or his successor in interest under the contract for the conditional sale thereof, less a reasonable charge for the use of the said articles for the time they were in the possession of the conditional vendee, or his successor in interest."

In the situation brought about by a sale made in accordance with that law the purchaser is the real owner of the articles bought, but with an ownership liable to disappear by means of the resolution, that is, the occurrence of an event constituting the condition of the contract.

The Civil Code in force in Porto Rico, when referring to conditional obligations, in the sections which are going to be quoted, establishes that:

"Sec. 1081. In conditional obligations, the acquisition of rights, as well as the extinction or loss of those already acquired, shall depend upon the event constituting the condition."

The second paragraph of section 1080 of the same code bearing directly on the resolutory condition reads as follows:

"Every obligation, containing a condition subsequent, shall also be demandable without prejudice to the effect of the performance."

In a sale with a resolutory condition the ownership of the goods sold passes to the purchaser, the vendor retaining only the right to resolve, destroy, juridically, the sale in the case of nonperformance of the condition. In reality, in a sale with conventional redemption there is nothing else than the imposition of a resolutory condition by virtue whereof the return of the purchase price, with the expenses mentioned in section 1421 of the Civil Code, resolves the contract of sale, things returning to their former condition before the execution of the contract. An eminent writer holds the theory that that agreement is not really a conventional redemption sale, but simply a sale contract with a resolutory condition. The Supreme Court of Spain in a decision dated July 22, 1910, holds that such agreement amounts to a resolutory condition the nonperformance of which puts things back in the state in which they would be if the sale had not been effected.

A similar thing happens in gifts where the right of reversion is established (sec. 649 already quoted), which right is the same as the *droit de retour* (right of return) of section 951 of the French Civil Code, though in this particular case the right is restricted only to the benefit of the donor.

In Louisiana they have defined the nature and essence of the conditions, particularly in the decision in *Moss* v. *Smoker,* 2 La. Ann. 990, where it is said:

"A conditional obligation is one which is made to depend upon an uncertain event. If the obligation is not to take effect until the event happens, it is a suspensive condition; if the obligation takes

effect immediately, but is liable to be defeated when the event happens, it is then a resolutory condition.''

In the jurisprudence of some states and in connection with the effects of a conditional sale statements of the greatest juridical importance are to be found.

In *Criez* v. *Sunset Motor Co.*, 123 Wash. 604, 213 Pac. 7, it has been held that the amount of damages recoverable by a conditional purchaser of an automobile for negligent collision therewith on a highway is unaffected by the fact that the conditional vendor carried insurance thereon against accident, and credited such purchaser with the amount he recovered on the policy. In *Scotts* v. *Puget Sound Traction, Light & Power Co.*, 94 Wash. 339, 162 Pac. 519, it was held that the buyer can maintain an action for damages on account of negligence, notwithstanding the requirement of the statute that actions should be prosecuted in the name of the party really in interest. And even the fact that the conditional vendor took possession of the property sold, after the injury and for failure to pay on the part of the purchaser, does not change the rule, as was held in *Miller* v. *Des Moines City Railway Co.*, 196 Iowa, 1033, 195 N. W. 600.

As may be seen from the foregoing citations, the rule is clear.

The Supreme Court of Spain, in a judgment of December 13, 1911, has held that a clause in a contract suspending the acquisition of the ownership, as being a matter outside the contract referred to which has its characteristics, conditions and effects prescribed by the statute, can not invalidate the same, and it must be admitted that it established, not a limitation of the ownership but a sort of pledge or security to insure the recovery of the whole price.

In a decision of July 3, 1902, the Supreme Court of Spain has maintained that in conditional obligations the convention exists from the time of their execution by mutual agreement

of the parties until the occurrence of the condition referred to and once the condition is fulfilled the obligations may be made effective and *its effects shall retroact to the day on which it was constituted.* (Italics ours.) This is also the text of section 1087 of our Civil Code, the first paragraph of which establishes the retroactivity of the effects of the conditional obligation when the obligation is fulfilled.

As a practical side of conditional sales and their effects, it is convenient to recall that in the conditional sales of automobiles in Porto Rico the conditional purchaser pays the insurance expenses and premiums, the license and the tax on the automobile. He is placed, therefore, in a situation enabling him to perform all the duties incumbent on the owner thereof. And this is because he is lawfully and practically the owner with the risk of losing his ownership if he fails to fulfill the obligation of paying the price agreed upon. But this is exclusively a juridical nexus between vendor and vendee, since nobody except the vendor may exercise the right to discontinue that ownership.

Such being the case, Guillermo Montalvo, even having bought under a conditional sales contract, may prosecute the action for damages of the present case, and the complaint has been filed and the action prosecuted in the name of the party really in interest. Error No. 2 of the brief of the appellant has been properly assigned and the same must be held to exist.

The second assignment of error having been thus disposed of, that under No. 3 is sustained for similar reasons.

The case was decided by the District Court of Ponce on a motion for nonsuit. For that reason we are of the opinion that the reversal must be made by remanding the case for further proceedings not incompatible with this opinion.

The judgment appealed from must be reversed and the case remanded for further proceedings not incompatible with this opinion.