ROGELIO ROMÁN, Plaintiff and Appellee, v. COMMERCIAL CREDIT Co., Defendant and Appellant.

No. 4808. Argued February 14, 1930.—Decided June 16, 1930.

*O. B. Frazer* and *R. Castro Fernández* for appellant. *E. Martínez Avilés* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Rogelio Román obtained a judgment against the Commercial Credit Co. for $700 as damages arising out of a

collision between two automobiles, due to the negligence of a driver, one of defendant's employees.

Appellant says that the district court erred in not giving legal effect to a certain agreed estimate of loss, in under-estimating the probative value of such agreement, and in rendering judgment for more than fifty dollars.

At the time of the collision, Román owed the Commercial Credit Company $150, the last three monthly instalments of the purchase price of his automobile, under a contract of conditional sale. A policy of insurance for an amount sufficient to cover all deferred payments contained the following clause:

"Loss, if any, to be adjusted with purchaser though to be paid, subject to all conditions of this policy, only to Commercial Credit Company for the account of all interests."

Three days after the collision Román and an agent of the insurance company agreed on two hundred dollars as the amount of the loss. At the trial Román testified that he had agreed to this estimate because he was a mechanic as well as a chauffeur, and with the two hundred dollars he could have obtained enough second-hand parts to put his car in a condition that would have enabled him to meet the outstanding deferred payments. The insurance agent testified that Román, after signing the agreement, asked what he should do next, and was then informed that the money would be paid to the Commercial Credit Company.

In accordance with the terms of the policy, fifty dollars was deducted from the two hundred dollars. The balance of one hundred and fifty dollars was paid to the Commercial Credit Company and applied by it as a payment of the three fifty-dollar instalments, none of which was due at the time of the collision.

The theory of appellant is that, by Román's consent to an estimate of two hundred dollars as sufficient to cover his loss, the Commercial Credit Company was induced to alter

its position in its settlement with the insurance company, and that Román is thereby estopped to claim more than fifty dollars, the difference between the two hundred dollars specified in his agreement with the insurance agent, and the one hundred and fifty dollars credited to his account by the Commercial Credit Company.

The district court held that there was no estoppel, and cited in support of its holding *Criez* v. *Sunset Motor Co.*, 123 Wash. 604, 213 Pac. 7. The final paragraph of the headnote in that case, as reported in 213 Pac. 8, reads as follows:

"The amount of damages recoverable by a conditional buyer of an automobile for negligent collision therewith on a highway is unaffected by the fact that the conditional seller carried insurance thereon against accident, and credited such buyer with the amount he recovered on the policy."

Appellant does not question the soundness of this doctrine nor attempt to distinguish it. The brief for appellant quotes from the statement of the case and opinion filed by the district judge but omits the very important paragraph in which the district judge refers to the *Criez* case as cited with approval by this court in *Montalvo* v. *Valdivieso*, 38 P.R.R. 487, 495. For the purposes of this opinion, therefore, we may accept as correct and as controlling herein, the rule laid down by the Washington court.

The district judge found that at the time of the collision Román's car was worth five hundred dollars. There was ample evidence to sustain this finding, and to overcome whatever probative value may have been or should have been attributed to Román's admission as to the amount of his loss. The fact that the district judge did not discuss the probative value of this admission, as a matter of evidence, aside from any question of estoppel, was not reversible error.

There was no abuse of discretion in awarding costs to plaintiff. The case with which the insurance company ef-

fected a settlement for two hundred dollars shows quite clearly that if the Commercial Credit Company had been disposed to part with a like sum such an offer would have been accepted. In any event a .deposit of an amount sufficient to cover the value of the car at the time of the collision, or the difference in value before and after the collision would have eliminated the question of costs, in so far as defendant's liability therefor was concerned. Section 336, Code of Civil Procedure. Instead of doing either of these things, the Commercial Credit Company took possession of the car, sold it for twenty-five dollars and appropriated the proceeds.

We are inclined to agree with appellant that the district court erred in including in its judgment an amount to compensate plaintiff for the loss of use, in addition to the actual value of the vehicle.

The judgment appealed from will be modified accordingly, and, as modified, affirmed.