ROGELIO ROMÁN, demandante y apelado, *v.* COMMERCIAL CREDIT Co., demandada y apelante.

No. 4808. *Sometido:* Febrero 14, 1930. *Resuelto:* Junio 16, 1930.

*O. B. Frazer* y *R. Castro Fernández*, abogados de la apelante; *E. Martínez Avilés*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Rogelio Román obtuvo sentencia por $700 contra la Commercial Credit Company como daños y perjuicios provenientes de un choque entre dos automóviles, debido a la negligencia de un conductor, uno de los empleados de la demandada.

La apelante alega que la corte de distrito cometió error al no dar fuerza legal a cierto convenio de valoración de las pérdidas sufridas, al dar muy poco valor probatorio a tal convenio y al dictar sentencia por una suma mayor de $50.

Al tiempo del choque Román adeudaba a la Commercial Credit Company $150, o sea, los tres últimos plazos mensuales del precio de la compra de su automóvil, de conformidad con un contrato de venta condicional. Una póliza de seguro tomada por una cantidad suficiente para responder de los pagos aplazados contenía la siguiente cláusula:

"Las pérdidas sufridas deberán ser ajustadas con el comprador, aunque pagadas, con sujeción a todas las condiciones de esta póliza, solamente a la Commercial Credit Company, a cuenta de todas las partes interesadas."

Tres días después de la colisión Román y un agente de la compañía de seguros convinieron en la suma de $200 como el importe de las pérdidas. Durante el juicio Román declaró que había estado conforme con este cálculo en vista de que él era mecánico, así como *chauffeur*, y con los $200 podía conseguir suficientes piezas de segundas manos para poner su automóvil en condiciones que le permitieran hacer frente a los plazos pendientes. El agente de seguros declaró que Román después de firmar el convenio preguntó qué debía hacer entonces y fué informado que el dinero sería pagado a la Commercial Credit Company. De acuerdo con los tér-

minos de la póliza se dedujeron $50 de los $200. La diferencia de $150 fué pagada a la Commercial Credit Co. y abonada por ésta como pago de los tres plazos de $50, ninguno de los cuales estaba vencido al tiempo de ocurrir el choque.

La teoría de la apelante es que al consentir Román en que se fijara la suma de $200 para responder de su pérdida, la Commercial Credit Company fué inducida a alterar su posición en su arreglo con la compañía de seguros y que con tal motivo Román está impedido de reclamar más de $50, o sea, la diferencia entre los $200 especificados en su convenio con el agente de seguros y los $150 abonados a su cuenta por la Commercial Credit Company.

La corte de distrito resolvió que no había impedimento y citó en apoyo de su conclusión el caso de *Criez* v. *Sunset Motor Co.*, 123 Wash. 604, 213 Pac. 7. El párrafo final del sumario de ese caso, según aparece en 213 Pac. 8, lee como sigue:

"La monta de los daños que pueden cobrarse por un comprador condicional de un automóvil a causa del choque negligente del mismo en una carretera, no queda afectada por el hecho de que el vendedor condicional lo tuviera asegurado contra accidente y hubiese abonado a dicho comprador la cantidad recibida por él a virtud de la póliza."

La apelante no ataca lo correcta de esta doctrina, ni trata de distinguirla. En el alegato de la apelante se cita de la relación del caso y opinión emitida por el juez de distrito pero se omite un párrafo muy importante en que el juez de distrito hace referencia al caso de Criez, según fué citado con aprobación por esta corte en *Montalvo* v. *Valdivieso*, 38 D.P.R. 545. Por tanto, para los fines de esta opinión podemos aceptar como correcta y como determinante de la cuestión aquí envuelta la regla establecida por la corte de Washington.

La corte de distrito llegó a la conclusión de que al tiempo de ocurrir el accidente el automóvil de Román valía $500. Hubo prueba amplia para sostener esta conclusión y

para destruir cualquier valor probatorio que pudiera haberse dado o que debiera haberse atribuído a la admisión de Román respecto al importe de la pérdida. El hecho de que el juez de distrito no discutiera el valor probatorio de esta admisión, como cuestión de evidencia, fuera de cualquier cuestión de impedimento (*estoppel*), no fué un error que dé lugar a la revocación.

█ No hubo abuso de discreción al conceder las costas al demandante. La facilidad con que la compañía de seguros efectuó un arreglo por los $200 demuestra con bastante claridad que si la Commercial Credit Company hubiese estado dispuesta a desembolsar una suma similar, tal oferta hubiese sido aceptada. De todos modos, la consignación de una cantidad suficiente para cubrir el valor del automóvil al tiempo del choque, o de la diferencia entre el valor del vehículo antes y después del accidente, hubiese eliminado la cuestión de costas en lo que a la responsabilidad por parte de la demandada se refería. Artículo 336 del Código de Enjuiciamiento Civil. En vez de hacer una de estas cosas, la Commercial Credit Company tomó posesión del vehículo, lo vendió por $25 y se apropió del producto.

Nos inclinamos a convenir con la apelante en que la corte de distrito cometió error al incluir en su sentencia una cantidad para compensar al demandante por la pérdida del uso, en adición al valor real del vehículo.

*La sentencia apelada debe ser modificada de conformidad, y así modificada se confirma.*