[No. 31236. Department Two. February 6, 1950.]

B. J. WITENBERG, *Respondent*, v. C. E. SYLVIA, *Appellant*, HAROLD. A. DAHL, *Defendant*.[1]

[1]Reported in 214 P. (2d) 690.

*Brightman, Roberts & Holm,* for appellant.

*Eisenhower, Hunter & Ramsdell,* for respondent.

HILL, J.—This is an action by one claiming to be a holder in due course, to recover the amount of a check from the maker and the payee who had endorsed it, payment having been stopped thereon. The payee defaulted and the maker contended that the plaintiff was not a holder in due course. The trial court found that the plaintiff was a holder in due course and entered judgment against the maker and the payee. The maker appeals.

The facts, as found by the trial court, chronologically arranged, are:

August 18, 1948, defendant Harold A. Dahl, d.b.a. Southside Motors and hereinafter called Dahl, borrowed $1,850 from B. J. Witenberg, d.b.a. Liberty Finance Company and hereinafter called Witenberg, to purchase, for resale, a 1947 Packard sedan.

The same day, Dahl made certain representations to defendant C. E. Sylvia, d.b.a. Sylvia Motors and hereinafter called Sylvia, regarding the physical condition of the car. Sylvia, in reliance on Dahl's representations, agreed to buy the car for two thousand dollars and delivered a check in that amount to Dahl, payable to Southside Motors, with the understanding that the car would be delivered on the following day.

The following day, August 19th, Dahl took the car to Sylvia, who, after inspection, refused to accept it because

of claimed misrepresentations. Dahl and Sylvia both went to the bank on which the check had been drawn, and Sylvia stopped payment thereon with Dahl's consent.

The same day, which was a Thursday, Dahl endorsed the check and delivered it to Witenberg, but whether before or after payment had been stopped thereon does not appear. Witenberg had no knowledge of any claimed misrepresentations or of any defense which Sylvia, as maker, might have against Dahl. (The trial court made no finding as to how the two thousand dollars was handled in Witenberg's books; but Witenberg testified that $1,850 was credited as payment of the $1,850 loan made to Dahl to enable him to buy the car, $50 as a financing charge on the transaction, and $100 as part payment on a past-due account amounting to more than four thousand dollars.)

Witenberg desposited the check in his bank Monday, August 23rd, his excuse for the delay being that the bank was closed on Saturday and Sunday. Thereafter, because of the stop-payment order, payment was refused by the bank on which the check was drawn.

August 23rd, Dahl and his wife executed a quitclaim deed to their home property to Witenberg and delivered the same to him in an unsealed envelope for safekeeping. (Witenberg fixed the date of delivery of the deed as August 23rd, 24th or 25th.) Witenberg did not know the contents of the envelope until after Dahl had disappeared with the car. The deed was not given, nor was it received, in settlement of the amount claimed to be due under the terms of the two-thousand-dollar check here sued upon.

Appellant contends that the evidence preponderates against these findings of the trial court. He places great reliance upon two documents, each designated an "agreement," which appellant claims establish a partnership, a joint adventure, or at least an agency relationship between Witenberg and Dahl; and he assigns as error the admission of evidence relative to the character of the transaction between Witenberg and Dahl, because, it is asserted, such evidence varies the terms of the agreements.

It is clear to us that these two documents do not establish any partnership or joint adventure relationship between Dahl and Witenberg. At most they are evidence of an agency in Dahl to repair, rehabilitate, advertise and sell an automobile for which Witenberg was about to pay $1,850, and evidence that out of the sale price Witenberg was to receive "in addition to the original purchase price, the sum of $ ——— for its [his] services therein." Parol evidence was necessary to identify the car, to fill in the blank as to the amount that Witenberg was to receive in addition to the purchase price, and to establish what Witenberg's services were, because, aside from the recital that he was about to purchase a car for $1,850 and that he would take all steps to transfer title to the subsequent purchaser, there was no reference to any service he was to perform.

The evidence on behalf of Witenberg, as reflected in the trial court's findings, was that there was no agency and Witenberg was merely financing the purchase of the car for Dahl and was to receive fifty dollars from the resale price for that service.

Appellant Sylvia complains of the admission of this testimony of Witenberg's as being in violation of the parol evidence rule.

Sylvia was not a party to the so-called agreements; they were not made for his benefit, nor is he asking to enforce rights which originated in or were primarily created by the relation established by the written agreements. He did not see the agreements prior to the transaction, nor did he take any action in reliance thereon. Therefore, there can be no basis for a contention that Witenberg was estopped to testify as to what his transaction with Dahl actually was. Sylvia was a stranger to the agreements and does not come within any of the conditions noted in *Ransom v. Joseph E. Wickstrom & Co.*, 84 Wash. 419, 424-427, 146 Pac. 1041, L. R. A. 1916A, 588, in which the rights of strangers to an agreement to invoke the parol evidence rule were discussed at some length. See, also, *State ex rel. Wirt v. Superior Court*, 10 Wn. (2d) 362, 368, 116 P. (2d) 752.

It is clear that Sylvia was not bound by these so-called agreements, and that he was at liberty to show the truth of the matter, however much the truth might be contrary to the terms of the agreements; and, where a stranger to an instrument is free to vary or contradict it by parol evidence, his adversary, although a party to the instrument, is equally free to do so. *Vancouver Nat. Bank v. Katz,* 142 Wash. 306, 313, 252 Pac. 934, and cases there cited.

It is our conclusion that Witenberg's testimony as to the character of the transaction between Dahl and himself was admissible; and, being admissible, it completely negatived, if believed, the existence of any relationship by which Dahl's knowledge of the failure of consideration for the check could be imputed to Witenberg and thus prevent him from being a holder in due course.

Appellant Sylvia also claims that Dahl executed the deed placing his home property in Witenberg's name for the purpose of reimbursing Witenberg for any loss suffered by reason of the transaction involving the 1947 Packard sedan. It may be that such was Dahl's intention in executing the deed, but evidence that it was delivered to or accepted by Witenberg as such a settlement is entirely lacking. The trial court accepted Witenberg's version of the transaction and made the finding with reference to the manner in which the deed came into Witenberg's possession as heretofore set forth.

On the issues of fact, *i.e.,* the existence of an agency relationship between Dahl and Witenberg, the good faith of Witenberg, and the acceptance of a settlement, the trial court found adversely to the contentions of the appellant, and we cannot say that Witenberg did not sustain the burden of establishing his good faith after the fraudulent conduct of the payee had been established, or that the evidence preponderates against the findings of the trial court; and, consequently, those findings will not be disturbed. *Karle v. Seder, ante,* p. 542, 214 P. (2d) 684.

This disposes of all of appellant Sylvia's defenses, and of his assignments of error save three: one that a sheet from Witenberg's ledger was erroneously received in evidence; the second that a canceled check dated August 18, 1948, drawn by Witenberg and payable to Dahl, in the sum of $1,850, should not have been admitted in evidence; and the third that appellant Sylvia was entitled to a change of venue to King county.

■■ The ledger sheet was material and was sufficiently identified to permit the exercise of the trial court's discretion under the terms of the "Uniform Business Records as Evidence Act." Laws of 1947, chapter 53, p. 88; Rem. Supp. 1947, § 1263-1 *et seq.* The check was corroborative of Witenberg's testimony as to the character of the transaction with Dahl, and was clearly admissible.

■ As to the error assigned on the failure to grant the motion for a change of venue, there is nothing before us, since the appellant failed to include his affidavits on that issue in the statement of facts. See *Shorrock v. Shorrock,* 185 Wash. 623, 56 P. (2d) 674.

■ Appellant asks for a determination of the matter based on the equities of the situation. This is an action upon a negotiable instrument, by one found to be a holder in due course. The rights and liabilities of parties to negotiable instruments are to be determined in accordance with the statutes pertaining thereto.

The judgment is affirmed.

SIMPSON, C. J., ROBINSON, MALLERY, and HAMLEY, JJ., concur.