[No. 31519.   Department Two.   February 1, 1951.]

ERNEST J. TARDIF, *Respondent,* v. D. W. HELLERSTEDT, *Appellant.*[1]

*George H. Bovingdon,* for appellant.

*Emory, Howe, Davis & Riese (John C. Braman,* of counsel), for respondent.

ROBINSON, J.—This is an appeal from a judgment for the plaintiff in an action for damages to his motor vehicle arising from a collision occurring at the east entrance to the state weighing station located on U. S. Highway No. 10 between North Bend and Snoqualmie Pass.  The facts in the case are quite simple.  Respondent was driving his automobile west-

[1]Reported in 226 P. (2d) 908.

ward over the highway in question. Appellant, accompanied by his brother, was driving his truck along the same road in the same direction. It was snowing hard. Respondent had been following appellant for some time, looking for a place where he could conveniently pass him. Finally, the vehicles arrived at what appeared to respondent to be such a place, on a fairly straight and level section of the highway a short distance east of North Bend. Respondent blew his horn and started to pass appellant, but, just as he did so, appellant turned suddenly to the left in order to cross the road and enter the driveway of the weighing station which was located on the other side. The vehicles collided, and the right-hand side of respondent's automobile was damaged.

At the outset, respondent has interposed a motion to dismiss this appeal on the ground that the amount involved therein is insufficient to confer appellate jurisdiction upon this court. Respondent has previously argued this motion before us. It was considered and denied without opinion on November 17, 1950. On that date, the clerk of this court wrote both counsel involved as follows: "Motion to dismiss appeal is denied." The record does not disclose that respondent was at any time given leave to renew the motion.

Although the granting or denying of a motion during the progress of an action does not, in the strict sense, render the matter *res judicata,* still, upon motions, as upon trials, public policy and the proper expedition of the business of the court require that there must be an end to litigation, and, in the absence of a showing of good cause, the reagitation of the same question on the same state of facts will not normally be allowed. See 2 Freeman on Judgments 1408, § 669. Accordingly, we will not reconsider the motion to dismiss.

The trial court found appellant negligent in veering to the left and across the center line of the highway without giving a proper signal indicating his intention to do so. Whether such a signal was actually given was disputed. Appellant himself did not testify, but his brother stated that he, appellant, had given the usual signal for a left-hand turn.

Respondent, on the other hand, testified that he saw no signal, and that the snow was not falling heavily enough to have obscured his vision had it been given.

Appellant contends that this testimony was not sufficient to create an issue on the matter. It is true that testimony which is purely negative in character is on some occasions not regarded as substantial evidence within the rule requiring that a finding or verdict must be supported by a preponderance of the evidence; as when such testimony is slight or inconclusive when compared with an abundance of strong, affirmative testimony tending to overcome it (*Hauswirth v. Pom-Arleau,* 11 Wn. (2d) 354, 366, 119 P. (2d) 674); or as when the witness from whom the negative testimony is elicited was not in such a situation that he probably would have observed the matter in dispute. *Poland v. Seattle,* 200 Wash. 208, 93 P. (2d) 379. In the present case, however, only two witnesses testified. Assuming the snow was not falling so heavily that respondent's vision was impaired (in itself, a question of fact), both these witnesses were in a position to observe whether or not appellant signalled, and they were in direct disagreement on this crucial point. In the light of respondent's situation, his testimony that he saw no signal was plainly equivalent to an assertion that, in his opinion, none was given. We think this evidence was sufficient to present an issue to the trial judge; and he having decided that, if appellant gave any hand signal at all, it was inadequate, we must apply the familiar rule that, when a cause is tried to the court without a jury, the findings of fact made by the trial judge will not be disturbed unless the evidence clearly preponderates against them. *Warner v. Keebler,* 200 Wash. 608, 94 P. (2d) 175; *McLean v. Continental Baking Co.,* 9 Wn. (2d) 176, 114 P. (2d) 159.

Appellant urges, however, that he was required by law to stop at the weighing station, and that respondent knew this, or should have known it, by reason of two signs, one of which, reading "Truck Crossing—1000 Feet," was located that distance east of the station, and the other of

which, reading "All trucks STOP at Scales," was located one hundred fifty feet east of it. Assuming, however, that respondent should have supposed that, in view of these signs, appellant would probably turn across the road into the station, this does not mean that he was required to anticipate such a turn, in the absence of a proper signal. In passing the truck, he was bound only to exercise ordinary care and skill, and can be held liable only for his failure to exercise such ordinary care and skill. *Criez v. Sunset Motor Co.,* 123 Wash. 604, 213 Pac. 7, 32 A.L.R. 627. He had a right to presume that appellant would comply with the law while driving upon the highway, and that, in consequence, he would signal before making any intended turn. *Jamieson v. Taylor,* 1 Wn. (2d) 217, 95 P. (2d) 791. Under the circumstances, we find nothing in the evidence to justify appellant's charge that respondent was guilty of contributory negligence in the respect under consideration.

The judgment of the trial court is affirmed.

SCHWELLENBACH, C. J., MALLERY, GRADY, and HAMLEY, JJ., concur.