[No. 31863. Department Two. April 17, 1952.]

MARTELL W. BROWN, *Respondent*, v. THEODOR A. VANTUYL *et al., Appellants.*[1]

[1]Reported in 242 P. (2d) 1021.

*Fred M. Bond,* for appellants.
*Don G. Abel,* for respondent.

FINLEY, J.—James E. Harris, apparently a somewhat experienced commercial fisherman, and Theodor A. Van-Tuyl, a person not so experienced in the ways of the sea, purchased the fishing boat "Heceta" from Martell W. Brown and J. Lester Welsh under a conditional sale contract, whereunder, as might be expected, title to the boat remained in the sellers until purchasers should perform their contractual obligations. Purchasers jointly gave their promissory note for $1,350 to Brown. VanTuyl personally owned certain real estate in Pacific county. He mortgaged it to Brown as further security in order to consummate the sale of the boat.

Plaintiff, Martell W. Brown, instituted an action to recover judgment upon the promissory note and to foreclose the real-estate mortgage given by VanTuyl. By cross-complaint defendants, Theodor A. VanTuyl and James E. Harris, contend that nothing is due and owing because of fraud, false representations, and breach of warranty by plaintiff, Brown. Rescission of the transaction, cancellation of the note and mortgage, and return of a down payment of three hundred dollars, is the relief sought in the cross-complaint. (In their reply brief on appeal, VanTuyl and Harris ask only for reversal of the judgment against them.) A trial to the court, sitting without a jury, resulted in the entry of a judgment favorable to plaintiff, Brown.

Detailed findings of fact were made by the trial court to the following effect: Defendants VanTuyl and Harris approached J. Lester Welsh and Martell W. Brown, seeking to purchase the fishing boat "Heceta," and were advised to inspect it. They did so. The inspection disclosed that the hull contained some rotten and loose planks. Neither Brown nor Welsh made any representation concerning the condition of the boat to defendants, except to inform them that the engine was old and not entirely satisfactory. Subsequently, on September 1, 1949, Brown and Welsh entered into a conditional sale contract with defendants VanTuyl and Harris to purchase the "Heceta." A promissory note for $1,350, and a mortgage on real estate owned by Van Tuyl, were given to Brown as security. Only the initial payment of three hundred dollars was made on the contract.

VanTuyl and Harris took possession of the boat at LaPush, Washington. They sailed it to Willapa Harbor, thence to the Columbia River, during which time they observed that the boat leaked. Unsuccessful attempts were made to repair it. Thereafter, defendant Harris quit the partnership or the arrangement that had existed between him and Van-Tuyl. After Harris deserted the venture, VanTuyl requested and was granted an extension of time on the payments due. Possession of the "Heceta" has been in one or both of the defendants (appellants) since September 1, 1949. Neither of them has returned, nor offered to return, the boat to Brown or Welsh.

At the trial a question arose about the United States Coast Guard approving or clearing the transfer of title to the "Heceta." Brown testified that he owned the boat; that title could and would have been produced when the purchasers tendered payment of the note and completed or complied with the terms of their conditional sale contract. The trial court apparently believed this testimony and made a finding to the effect that Brown and Welsh can perfect title to the boat in their names.

Based upon the findings, the court made conclusions of law and entered judgment in favor of Brown, respondent

herein, in the sum of one thousand fifty dollars, with interest. It was further ordered that the mortgage be foreclosed.

VanTuyl and Harris have appealed. Their first fifteen assignments of error challenge the correctness of certain of the findings of fact, conclusions of law, and the judgment entered by the trial court.

■ In both equity cases and law cases tried before the court without a jury, the trial court is required to make its findings of fact. Superior Court Rule 17, 34A Wn. (2d) 118. In law cases and in some equity cases, we have held that the trial court's findings will not be disturbed on appeal unless the evidence clearly preponderates against them. *Hynes v. Hynes,* 28 Wn. (2d) 660, 184 P. (2d) 68; *Witenberg v. Sylvia,* 35 Wn. (2d) 626, 214 P. (2d) 690; *Tackett v. Milburn,* 36 Wn. (2d) 349, 218 P. (2d) 298; *Tardif v. Hellerstedt,* 37 Wn. (2d) 940, 226 P. (2d) 908. The rule logically and appropriately applies to equity as well as law cases.

■ In the case at bar, our review of the statement of facts convinces us that the evidence does not clearly preponderate against the trial court's findings of fact, hence, we will not overturn them; furthermore, the findings support the trial court's conclusions of law, and appellants' challenges to the latter are without merit.

The evidence and the findings indicate that there is no merit in the defense of fraud and misrepresentation interposed by appellants.

■ In view of the finding that the boat was not returned to Brown or Welsh, and that neither of the appellants offered to return it, appellants' prayer for rescission and their assignment of error, based on the denial of such prayer, are answered by the case of *Coovert v. Ingwersen,* 37 Wn. (2d) 797, 803, 226 P. (2d) 187. Quoting from 9 Am. Jur. 389, § 45, we said:

" 'Where a party desires to rescind upon the ground of mistake or fraud, he must, upon the discovery of the facts, at once announce his purpose and adhere to it. If he remains silent, and continues to treat the property as his own, he will be held to have waived the objection, and will be

conclusively bound by the contract, as if the mistake or fraud had not occurred.' "

A number of appellants' remaining assignments concern the exclusion of evidence relating to a purported lack of title to the boat on the part of the respondent seller. Appellants claim breach of warranty under Rem. Rev. Stat., § 5836-13 [P.P.C. § 860-5], which states in part:

"In a contract to sell or a sale, unless a contrary intention appears, there is:

"(1) An implied warranty on the part of the seller that in case of a sale he has a right to sell the goods, and that in case of a contract to sell he will have a right to sell the goods at the time when the property is to pass. . . ."

■ It is not disputed that the contract involved in the instant case is of the conditional sale type. The above statute clearly does not require a conditional seller to have title at the time he enters into the contract; he is required to have title only at the time such title is to pass to the buyer. The conditional sale contract, as set forth in appellants' answer, specifically states that the title to the boat is to remain in the seller until the full purchase price, together with interest, has been paid. As aforementioned, the trial court specifically found that Brown and Welsh can perfect title to the "Heceta" in their own names.

■ Error is also assigned to the refusal of the trial court to admit into evidence defendants' identification four. This was properly excluded because it was not the original and because there was no showing to justify the use of a copy.

The remainder of appellants' twenty-five assignments of error are not well taken. They do not merit discussion.

The judgment of the trial court is hereby affirmed.

SCHWELLENBACH, C. J., HILL, HAMLEY, and OLSON, JJ., concur.