[No. 32193.  Department Two.  December 4, 1952.]

THE STATE OF WASHINGTON, *on the Relation of Charles O. Carroll, as Prosecuting Attorney for King County, Appellant*, v. SEATTLE HOTEL BUILDING CORPORATION *et al., Respondents.*[1]

*Charles O. Carroll* and *V. D. Bradeson*, for appellant.

*Eli M. Paulson, J. Edmund Quigley, and Pomeroy, Yothers, Luckerath & Dore*, for respondents.

OLSON, J.—This action was brought to abate the Seattle Hotel as a nuisance, and to impose penalties upon certain of the defendant owners having actual or constructive knowledge of the maintenance of the nuisance. After a trial to the court, a decree was entered dismissing the action, and relator has appealed.

[1] Reported in 250 P. (2d) 982.

RCW 7.48.050 *et seq.* [*cf.* Rem. Rev. Stat., § 946-1 *et seq.*] provide for such a proceeding, and we quote only the first of these statutes:

"Whoever shall erect, establish, maintain, continue, use, own or lease any building or place used for the purpose of lewdness, assignation, or prostitution is guilty of a nuisance, and the building or place, or the ground itself, in or upon which lewdness, assignation, or prostitution is conducted, permitted or carried on, continued or exists, and the furniture, fixtures, musical instruments, and contents are also declared a nuisance, and shall be enjoined and abated as hereinafter provided."

The trial court, after finding the facts regarding the respective interests of the defendants in the hotel and the property upon which it is situated, further found that, on six specified dates, certain acts of prostitution were either committed or offered to be committed in the hotel; that none of the defendants had any knowledge that those acts were being committed on the premises, nor did they aid, abet or encourage such acts, or participate in them; that none of the defendants at any time erected, established, maintained, continued, used, owned or leased the premises for the purpose of lewdness, assignation or prostitution; that the hotel was not a nuisance at any time material to these proceedings, and is not now a nuisance; that the principal use of the premises during the times in issue was for the operation of a legitimate hotel, and not for the purposes mentioned in the statute; and (whether it be a statement or a finding) that the relator has failed to prove that the wrongful acts in question will continue in the hotel.

Upon these findings, the court concluded that it should neither abate the hotel nor impose any penalty upon any of the defendants.

The evidence shows that the hotel in question is located in the business district in Seattle, and has one hundred seventy-five rooms.

■ Relator's first assignment of error challenges a ruling of the trial court permitting an amendment to defendants' answer. In view of the relator's statement in his brief

that the matters covered by the amendment could have been shown under defendants' denials in their first answer, this ruling, even if erroneous, could not have been prejudicial, and we will not discuss it further.

Relator also assigns error upon all of the findings of fact which we have mentioned, except those pertaining to the respective interests of the various defendants in the property, and the unlawful acts committed on the premises. We will consider these assignments together, as counsel have done.

These findings of fact were made upon conflicting evidence. We can see no useful purpose in relating the details of that evidence. Our examination of it does not lead us to the conclusion that it preponderates against the findings. Therefore, we will not disturb them. This rule is well established and it applies to suits in equity and to actions at law, since the adoption of our rule requiring findings of fact in equity cases (Rule of Superior Court 17, 34A Wn. (2d) 118). *In re Dand's Estate, ante* p. 158, 247 P. (2d) 1016 (1952); *Brown v. VanTuyl,* 40 Wn. (2d) 364, 367, 242 P. (2d) 1021 (1952).

In our examination of the statement of facts, we have considered, but have not been convinced by, relator's argument that the evidence necessarily creates certain inferences which are adverse to defendants, and which compel factual findings contrary to those he has questioned.

In this action, relator seeks two distinct kinds of relief, first, the abatement of the premises, and, second, the imposition of a penalty upon some of the defendants. He asserts that the first is granted against the premises, and not against the defendants individually as is the second. By his petition, he apparently concedes that defendants' knowledge of the existence of a nuisance may be essential to a case in which a penalty is imposed. But he contends that the premises may be abated if they are a nuisance, regardless of the defendants' lack of knowledge of its existence.

We need not decide the validity of these distinctions or consider this contention, because relator has not been

successful in his attack upon the trial court's finding that a nuisance, defined by the pertinent statute, did not, in fact, exist in this case.

The conclusions of law and decree are supported by the findings of fact, and the assignments of error pertaining to them are without merit.

The decree is affirmed.

SCHWELLENBACH, C. J., HILL, HAMLEY, and FINLEY, JJ., concur.