Note.—See under (1) 32 Cyc. p. 1362 (Anno). (2) 32 Cyc. p. 1367. (3, 4) 37 Cyc p. 1358.

---

## BOYD v. McKENNEY et al.

No. 16228—Opinion Filed March 23, 1926.

Rehearing Denied May 11, 1926.

1. **Mortgages—Subrogation—Rights of Junior Mortgagee Redeeming Property from Superior Lien.**

Where a party to an action has become the owner of a mortgage on property which is second or inferior to a prior mortgage executed by the owner of the property, he has the right, under section 7420, Comp. Stats. 1921, to redeem the property in the same manner as the owner might from the superi-

or lien, and to be subrogated to all the rights of the superior lienholder when necessary for the protection of his interests, upon satisfying the claim secured thereby.

## 2. Subrogation—Origin and Nature of Right.

The principle to be derived from the doctrine of subrogation is that it is born of equity and results from the natural justice of placing the burden where it ought to rest. It does not flow from any fixed rule of law, but rather from principles of justice, equity, and benevolence. It is a purely equitable result, depending, like other equitable doctrines, upon the facts and circumstances of each particular case to call it forth. It is a device adopted or invented by equity to compel the ultimate discharge of a debt or obligation by him who, in good conscience, ought to pay it.

## 3. Same—Enforcement Dependent on Particular Facts.

No doctrine of equity jurisprudence is more beneficent in its operation than is subrogation, and perhaps none stands in higher favor. No general rule can be laid down which will afford a test in all cases for its application, and its exercise depends upon the particular facts and circumstances of each case, and is not enforced as a matter of legal right, but in order to subserve the ends of justice in the particular controversy under consideration.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by Eva McKenney et al. against E. I. Boyd et al. Judgment for plaintiffs, and defendant E. I. Boyd brings error. Affirmed.

D. H. Wilson, for plaintiff in error.

G. W. Cornell, for defendants in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Ottawa county, Okla., by Eva McKenney and G. A. McKenney, defendants in error, plaintiffs below, against E. I. Boyd, Dennis H. Wilson, Lucy M. Thompson, John L. Spangler, H. J. Butler, trustee, Annie J. Scott, and H. J. Butler, as defendants below, the defendant E. I. Boyd being plaintiff in error here, for judgment perfecting the title to lots 7 and 8 in block 136, in the city of Miami, Okla., or, in the alternative, that defendants in error be subrogated to the rights of the mortgagees in certain mortgages assumed and paid by them, and for the cancellation of sale of the property and vacation of judgment obtained by plaintiff in error, E. I. Boyd, in the district court of Ottawa county, and for general relief.

Parties will be referred to as plaintiffs and defendants as they appeared in the lower court.

The record discloses that the record title to the lots in question was, on the 13th day of November, 1917, vested in John L. Spangler, subject to a mortgage in the sum of $375, held by Charles Acton; that on the 15th day of November, 1917, Spangler executed a mortgage to the Vinita Building & Loan Association, in the sum of $1,800, and, on the 17th day of November, 1917, Spangler executed a deed to H. J. Butler, as trustee; that on January 7, 1918, Butler paid off the mortgage of $375, owned and held by Charles Acton, and on the 16 day of February 1918, H. J. Butler, trustee, conveyed said property to Lucy M. Thompson, and on the said 16th day of February, 1918, a building contract was entered into between Annie J. Scott and Lucy M. Thompson, and on February 19, 1918, H. J. Butler, and wife, by quitclaim deed, deeded the property to Lucy M. Thompson, and on the 8th day of April, 1918, Lucy M. Thompson mortgaged said property to Beulah Thompson for the sum of $500, and on the 7th day of August, 1918, E. I. Boyd instituted a suit in the district court of Ottawa county against Lucy M. Thompson, John L. Spangler, H. J. Butler, and Annie J. Scott, in which she claimed that, under an oral agreement with John L. Spangler, she paid one-half of the purchase price of the lots paid by Spangler, or the sum of $350, and that she was entitled to a one-half interest in the title to said property, or a lien on same, for money expended by her, and prayed that the deed from John L. Spangler to H. J. Butler be declared a mortgage; on the 14th day of October, 1918, Lucy M. Thompson conveyed the property by deed to George O. Gibson, subject to the mortgage of the Vinita Building & Loan Association, in the sum of $1,800, and the mortgage to Buelah Thompson, in the sum of $500, and on the 13th day of January, 1919, George O. Gibson paid off the $500 mortgage to Beulah Thompson, and on the 17th day of January, 1919, Gibson conveyed the property by deed to Elmer Jackson subject to the Vinita Building & Loan Association mortgage, in the sum of $1,800, and on the 19th day of October, 1919, Elmer Jackson and wife conveyed the property by deed to the plaintiff, Eva McKenney, who assumed the balance of the mortgage held by the Vinita Building & Loan Association in the sum of $1,518.95, paying the said Elmer Jackson the sum of $692 as the purchase price, in addition to the above mortgage assumed by her; on the 10th or 15th day of November, 1920, judgment in rem against the property was

rendered by the district court in the case of E. I. Boyd, instituted on the 7th day of August, 1918, heretofore referred to, in the sum of $724.60 with six per cent. interest from the 8th day of August, 1918, and declaring the deed from John L. Spangler to Butler to be a mortgage, and declaring a lien against said property for the satisfaction of said judgment. The property was sold under an execution by the sheriff of Ottawa county, and on the 3rd day of December, 1923, said sale was by the court confirmed, and on the 8th day of December, 1923, the plaintiffs herein filed a petition to set aside said sale and to vacate the judgment, and on the 4th day of February, 1924, the court rendered judgment, vacating the former order confirming said sale, retaining for further consideration of the cause on motion of E. I. Boyd to confirm the sale until the present case should be heard and determined upon its merits, and by stipulation of counsel the further consideration of the motion to confirm the sale was suspended, pending final determination of this action.

Disclaimers were entered by some of the defendants, and the cause proceeded to trial before the court without the intervention of a jury upon the petition of plaintiffs and the separate answer of the defendant E. I. Boyd, in which she denied generally the allegations of plaintiffs' petition, and claimed the title to the property by virtue of her purchase at sheriff's sale under execution issued upon her judgment in the action commenced by her on the 7th day of August, 1918, heretofore referred to, which sale was confirmed by the court on the 3rd day of December, 1923, and denying that there was any indebtedness against said property except a balance due on the $1,800 mortgage held by the Vinita Building & Loan Association in the sum of $1,504.

After evidence heard the trial court rendered its judgment in favor of the plaintiff Eva McKenney, declaring her to be a mortgagee in possession as assignee of the H. J. Butler mortgage or interest and as payor of the Vinita Building & Loan Association mortgage, or lien, and subrogated her to their respective rights, and declared her to be entitled to the first, superior and prior lien on the property in question, and that she should have credit for monies by her expended for taxes, insurance, repairs, and improvements made by her in good faith, and that she should account for the rental value of said property for the time she occupied it at the rate of $30 per month, which, deducted from the amount paid by her for the H. J. Butler mortgage title and amounts expended by her, left a balance due her of $627.77 with

interest at six per cent. from October 9, 1919, until paid on this account, and for $1,520.25 paid by her on the Vinita Building & Loan Association mortgage with interest thereon from the 7th day of October, 1919, at ten per cent. until paid, which was declared a first lien upon the property, and that the $627.77, heretofore referred to, was declared a second lien on the property, and that said liens were in existence on the 7th day of August, 1919, the date E. I. Boyd instituted the action heretofore referred to, and that they were prior and superior to the judgment lien obtained in said cause for the sum of $724.60 obtained by her in said cause, and set aside the sale to E. I. Boyd, and declared that the E. I. Boyd judgment, aforesaid, a third lien upon said property, and the court further found that there was due a reasonable attorney fee upon the Vinita Building & Loan Association Mortgage for the foreclosure of the mortgage thereon in the sum of $200, which should be added to the $1,520.25 under the first lien, which should be paid to her attorney of record, and ordered the property sold and all liens foreclosed and that all right, title or interest, estate or equity in the lands be foreclosed and the title be forever quieted in the purchaser at said sale, and that the sheriff return to the defendant E. I. Boyd the proceeds of the sale under execution on the judgment obtained by her on the 10th or 15th day of November, 1920.

The defendant E. I. Boyd filed a motion for new trial, the same was heard and overruled, and exceptions reserved by her and the cause comes to this court for review of said judgment.

There are twelve assignments of error set up in the brief of attorney for defendant E. I. Boyd for the reversal of this cause, but, in our view of the case, it will only be necessary to pass upon the one question, and that is whether the plaintiff Eva McKenney succeeded to the rights of the mortgagee, H. J. Butler, through the successive conveyances and to the rights of the mortgagee, the Vinita Building & Loan Association, by right of subrogation, said mortgages and liens having been executed by John L. Spangler, the record owner of the property, long prior to the institution of the action of E. I. Boyd against Lucy M. Thompson, John L. Spangler, H. J. Butler, and Annie J. Scott, and, in our view of the case, the settlement of this question settles all the rights of the parties to this action.

There might have been originally some question, except for the prayer for general relief in petition of plaintiff, as to the right of the plaintiff, Eva McKenney, to credits

for the payment for necessary repairs and improvements, but the defendant E. I. Boyd having put in issue in the trial of the cause the right to require the plaintiff Eva Mc-Kenney to account for the reasonable cash rental value of the property during the time she occupied it, certainly justified the plaintiff to offset said claim by proving the amount she had expended for repairs, improvements, etc.

The other amounts paid out by her were matters of record. The Acton mortgage for the sum of $375 paid off by H. J. Butler, and the Butler deed to Lucy M. Thompson the court declared to be a mortgage on the property, and the amount paid by plaintiff to Elmer Jackson, who obtained a deed to the property by successive conveyances back to H. J. Butler, and the $1,520.25 balance assumed by her and paid to the Vinita Building & Loan Association, are undisputably established by the evidence. It would be manifestly unfair and unjust, and not within the equity rule, for the plaintiff to have paid out the money proven in this case to have been paid by her in discharge of honest indebtedness against the property and for the benefit of the property, which should have been paid by the owners and for which the property was pledged, without being reimbursed for the amounts so expended by her, and especially where, as in this case, the amounts so expended were in discharge of honest indebtedness acquired prior to the disclosure of the right claimed by defendant E. I. Boyd to an interest in this property, and the trial court, having all the parties before it and having full jurisdiction of the parties and the subject-matter of the action, properly found that there was an indebtedness due, as above set forth in this opinion, and it was clearly within the jurisdiction of the trial court, in the exercise of its equity power, to order the payment of the amounts found due to Eva McKinney in discharge of the debts by right of subrogation. As was said by the trial court in the journal entry in this case:

"Equity should not be called upon to countenance such inconsistencies and anomalous contentions. The unfortunate situation having arisen partly as a result of Boyd's permitting her trustee, Spangler, to hold said property and to mortgage and deed the same at will, and permitted the said Lucy M. Thompson to deed said property at will, and the said McKenney having made all expenditures, in acquiring, relieving of mortgages, repairing and improving, should not be compelled to lose such sum, or sums, neither should she, in good conscience, be required at this late hour to answer for the default of Boyd's trustees and coadventurers in

what seems to have been a very uncertain and badly handled enterprise.

"Equity seems to dictate in this case that McKenney, under the facts disclosed by the record, should be held to be a mortgagee in possession, assignee of the Butler mortgage, or interest, and assignee of the Vinita Building & Loan Association mortgage lien and subrogated to their respective rights, and therefore entitled to first, superior and prior liens upon and against the property in question."

The above quotation from the judgment of the trial court is in strict accord with the doctrine of subrogation as defined by this court, following numerous authorities, in the case of Richardson v. American Surety Co. et al., 97 Okla. 264, 223 Pac. 389, the third and fourth paragraphs of the syllabus of which are as follows:

"The principle to be derived from the doctrine of subrogation is that it is born of equity and results from the natural justice of placing the burden where it ought to rest. It does not flow from any fixed rule of law, but rather from principles of justice, equity, and benevolence. It is a purely equitable result, depending like other equitable doctrines upon the facts and circumstances of each particular case to call it forth. It is a device adopted or invented by equity to compel the ultimate discharge of a debt or obligation by him, who in good conscience ought to pay it.

"No doctrine of equity jurisprudence is more beneficent in its operation than is subrogation, and perhaps none stands in higher favor. No general rule can be laid down, which will afford a test in all cases for its application, and its exercise depends upon the particular facts and circumstances of each case, and is not enforced as a matter of legal right, but in order to subserve the ends of justice in the particular controversy under consideration."

The Statutes of Oklahoma provide how a holder of an inferior lien may redeem the property and be protected in the amount paid for such redemption, under section 7420, Comp. Stats. 1921, as follows:

"One who has a lien, inferior to another upon the same property, has a right: First. To redeem the property in the same manner as its owner might, from the superior lien; and, second. To be subrogated to all the benefits of the superior lien when necessary for the protection of his interests, upon satisfying the claim secured thereby."

We can conceive of no case where the facts more clearly justify the application of this beneficent doctrine of subrogation than the facts do in the instant case. John L. Spangler contracted the debts while he was the record owner of the property, in which

E. I. Boyd claimed to be a secret partner. Defendant E. I. Boyd never attempted to assert any right, title or interest in the property until long after the debts had been contracted. She permitted John L. Spangler to dispose of the property to other parties, and permitted other parties to enter into possession, occupy, transfer, and sell the property until by succession of transfers the plaintiff Eva McKenney obtained title thereto. She permitted the payment of the indebtedness upon the property, and after she obtained judgment, no journal entry of the judgment was prepared and filed until years afterwards. No attempt was made by her to enforce said judgment until nearly three years had expired, and she permitted the plaintiff Eva McKenney to pay all the taxes, insurance, for repairs and necessary improvements, and now comes in and asks this court to declare her claim, based orginally upon a secret oral agreement, to be superior to the rights that have grown up and become vested in this plaintiff from payment of debts contracted by the said John L. Spangler during the time she claimed to have been a secret owner of one-half interest therein, which should have been paid by the owners. This cannot be sanctioned by a court of conscience, but a court of equity in the exercise of its power will require that the debt or obligation shall be ultimately discharged by him who, in good conscience, ought to pay it, and will be paid to the party who, in equity and good conscience, ought to be reimbursed.

We are, therefore, of the opinion that the judgment of the trial court is correct, and that it should be and is hereby in all things affirmed.

By the Court: It is so ordered.