[No. 19713. *En Banc.* January 6, 1927.]

## Wood & Iverson, Incorporated, *Appellant,* v. Northwest Lumber Company, *Respondent.*[1]

[1] Negligence (3, 39)—Fires — Contributory Negligence — Evidence—Sufficiency. A logging company was not guilty of contributory negligence in failing to move camp equipment, loaded on cars, which could have been taken from the zone of the fire within half an hour, where it appears that every available man was suddenly called on and constantly employed in fighting a fire endangering all the property in the camp, with fair prospects of success, but for a sudden shift in the wind menacing the lives of those engaged in attempting to protect the property.

[2] Parties (2)—Damages (28)—Real Party in Interest—Parties Insured Against Loss—Waiver of Damages—Recovery of Insurance Money. An action for the loss of camp equipment caused by a forest fire negligently set out by the defendant, is not affected by the fact that plaintiff had recovered insurance on account of the loss, and given a written subrogation agreement to the insurance companies; and such agreement does not affect the equitable right of subrogation to all rights of the insured.

Appeal from a judgment of the superior court for King county, Kuykendall, J., entered June 9, 1925, upon findings in favor of the defendant, in an action for damages to timber destroyed by fire, after a trial on the merits to the court. Reversed.

*Weter & Roberts,* for appellant.

*Poe, Falknor, Falknor & Emory,* for respondent.

Tolman, C. J.—This case was heretofore heard in a Department of this court and, by the Departmental opinion (138 Wash. 203, 244 Pac. 712), the judgment of the trial court was reversed and a judgment ordered in favor of the appellant in the sum of $24,287.46.

[1]Reported in 252 Pac. 98.

Thereafter respondent petitioned for a rehearing *En Banc,* which was granted. Supplemental briefs were filed and the case was argued to the court sitting *En Banc.*

After full and mature consideration, a majority of the court adheres to the views expressed in the departmental opinion upon the question of liability, and that subject will not again be discussed.

The question of damages has been re-examined and warrants some further consideration. The Departmental opinion on this subject says only:

"The items of damages, and the aggregate thereof, contained in a schedule attached to appellant's complaint, were testified to by officers of appellant, and very little contest thereof was made by respondent, who apparently deemed them reasonable. The damages itemized in the schedule total $24,287.46."

[1] The trial court found that the property was destroyed and damaged, but made no findings as to the extent of the damage. The schedule referred to gives the value of the camp equipment destroyed as $7,321.07, and it is shown that the greater part of this camp equipment was on railroad trucks standing on railroad tracks, and that the tracks could have been connected up and the equipment on trucks hauled out of the danger zone in half an hour's time. It is also shown that several hours elapsed between the entry of the fire on appellant's property and the burning of the camp; and it is argued that appellant was negligent in not removing this property from the zone of danger. A careful reading of the whole record, however, convinces us that appellant used due diligence and every means at command, from the very first, to stop the spread of the fire and lessen the damage. The fire came onto appellant's premises about two o'clock, P. M., making

a jump across two miles of intervening green timber, and was burning in at least six places within fifteen minutes. Appellant at once turned its whole attention to fighting the fire with all of its apparatus and every available man. For approximately seven hours this fight was continued, with varying success, but with every apparent hope of saving the entire camp, until a shift of the wind carried the fire to a point a thousand feet behind the fire fighters, igniting the camp and menacing the lives of those engaged in the attempt to protect the property. It seems apparent that appellant acted with ordinary care and prudence, and that the trial court's findings in that respect are fully supported by the evidence.

[2] But respondent contends that this item, to the extent of $5,600 received by the appellant as insurance on the camp equipment, should be disallowed, because the appellant by a written subrogation agreement transferred its rights to the insurance companies and they not being parties here can not be bound by any judgment here entered and may still sue respondent on their written assignments. The written subrogation agreement, if made, adds nothing to the case, as in equity the insurer, upon paying the loss, is always subrogated to the rights of the insured; and, as we see it, the question raised is no longer an open one, having been determined against respondent's theory by this court in *Alaska Pacific Steamship Co. v. Sperry Flour Co.,* 94 Wash. 227, 162 Pac. 26; which case has been followed in *Criez v. Sunset Motor Co.,* 123 Wash. 604, 213 Pac. 7, 32 A. L. R. 627, and *Schweitzer v. Weyerhaeuser Timber Co.,* 128 Wash. 186, 222 Pac. 460.

The only other item of damage which now seems to be seriously contested is that scheduled as increased

cost of logging, transporting and milling felled and bucked timber on section 13; and, as we read the record, the most of the argument against the allowance of this item is based upon a clerical error in the schedule, which should have described this particular timber as being on section 18.  Paragraph V of the amended complaint so indicates, and the principal witness on this subject clearly indicated that the damaged felled and bucked timber which he scaled, and to which his testimony referred, was on section 18.  The evidence as to the damage to this particular timber runs all the way from six thousand dollars to nine thousand dollars, and as it was figured at six thousand dollars in the judgment ordered by the Departmental opinion, we think that must stand.

The Departmental opinion is, therefore, re-affirmed and the cause is remanded for the entry of judgment for the appellant as therein ordered.

HOLCOMB, MAIN, MITCHELL, ASKREN, FULLERTON, PARKER, MACKINTOSH, and BRIDGES, JJ., concur.