[No. 27793. Department One. April 5, 1940.]

J. P. LYONS, *Appellant,* v. OSCAR M. FREEBORG, *Respondent.*[1]

[1]Reported in 100 P. (2d) 1041.

*Clarence A. Orndorff* and *Joseph E. Hurley,* for appellant.

MAIN, J.—This action was brought by the plaintiff to recover damages to an automobile owned by him, on the ground that such damages were caused by the defendant's negligence. The defendant denied negligence and cross-complained for damages to an automobile owned by him. The trial was to the court without a jury, and resulted in findings of fact to the effect that the damage to the plaintiff's car was in the sum of $275, being the actual and reasonable cost of the necessary repairs, "but plaintiff paid thereon only the sum of Fifty ($50.00) Dollars, the balance having been paid by an insurance company." The court concluded that the plaintiff was only entitled to recover the sum of fifty dollars, and judgment for this amount was entered, from which the plaintiff appealed.

No bill of exceptions or statement of facts has been brought to this court, and the respondent has not in any manner appeared. The case is here upon the findings made by the superior court. The court found that the two automobiles came together at a certain street intersection in the city of Spokane, and that the damage to the appellant's car was the result of negligence on the part of the respondent.

The record here presents only the question of whether the superior court erred in deducting from the amount of the damage which it found to exist the sum which the appellant had received from an insurance company. It is the settled law of this state that it is no defense to an action against a wrongdoer that the party seeking recovery was insured against the loss and had recovered the amount of the loss, or some part thereof, from the insurance company. *Alaska Pacific S. S. Co. v. Sperry Flour Co.,* 94 Wash. 227,

162 Pac. 26; *Criez v. Sunset Motor Co.*, 123 Wash. 604, 213 Pac. 7, 32 A. L. R. 627; *Bader v. Marlin,* 160 Wash. 460, 295 Pac. 160, 78 A. L. R. 914. The appellant was entitled to recover from the respondent the full amount of the damages which the court found that he had sustained.

The judgment will be reversed, and the cause remanded with direction to the superior court to enter a judgment as herein indicated.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.

