[No. 31631. Department Two. April 12, 1951.]

CONSOLIDATED FREIGHTWAYS, INC., *Respondent*, v. FRANK L. MOORE, *Appellant.*[1]

*Cashatt & Turner* and *Graves, Kizer & Graves*, for appellant.

*Hamblen, Gilbert & Brooke*, for respondent.

MALLERY, J.—On June 16, 1948, the plaintiff and defendant entered into an Equipment Trip Lease Agreement, by

[1]Reported in 229 P. (2d) 882.

which the defendant leased a truck to the plaintiff for a trip from Portland to Seattle and return, on a mileage basis. The defendant drove his own truck and was paid for his services separately from the truck hire.

Among other things, the lease provided:

"It is further mutually understood and agreed between these parties that if Lessor does not expressly authorize Consolidated to use its own regularly employed driver or drivers for the operation of said equipment during the period of this lease, but instead Lessor confines his approval as to a driver or drivers to a person or persons not now regularly employed by Consolidated (including Lessor himself), then, *in such event, Lessor agrees to indemnify and save Consolidated harmless* in case of any and all injury or damage to persons or property (including damage to the equipment leased hereunder or loss or damage to cargo carried thereon) resulting from the operation of the said equipment during the period of this lease, and Lessor hereby warrants that the following described insurance policies are presently in full force and effect and that in the event of any injury to persons or loss or damage to property occurring while said equipment is being operated by a person or persons expressly approved herein by Lessor, then Lessor shall apply the proceeds of such insurance to the payment of any and all claims arising from any such injury, loss or damage, whether such claims be made against Lessor or Consolidated, severally or jointly." (Italics ours.)

This indemnity provision came into effect by the act of defendant in driving his own equipment. While on the return trip, he collided with the vehicle of one Lundberg. Lundberg recovered a judgment for personal injuries and property damages against the plaintiff and defendant, jointly and severally, in the sum of $2,721.50 and costs.

While both parties were qualified public carriers with public liability coverage as required by law, the judgment was paid by the plaintiff with money provided for that purpose from its insurance company, Truck Insurance Exchange, for which it gave a "loan receipt." This provided that plaintiff would, if requested so to do, prosecute a claim against the defendant, and that the amount loaned would be repayable to the extent of any money recovered thereby.

This action, on the indemnity agreement, followed and plaintiff was given judgment as prayed. The defendant appeals.

Appellant's contentions are based on questions of both fact and law. He contends he was an *employee* rather than an independent contractor as found by the court. This fact, he says, fixes the primary liability for the third party injury on the respondent under the doctrine of *respondeat superior*. On this factual basis he then seeks to invoke the rule laid down in *Builders & Mfrs. Mut. Casualty Co. v. Preferred Automobile Ins. Co.*, 118 F. (2d) 118, *viz*:

"The rule that an insurer who has paid the loss resulting from a peril insured against may be subrogated to all the claims which the insured may have against any person by whose negligence the injury was caused does not apply in a case where the injury was caused by the negligence of the insured himself."

Obviously, the reason for the rule is that, where an innocent third party is injured because of the negligence of an insured or his employee, the insured would not have a cause of action against him. In such a case there is nothing to which the insurer can be subrogated.

The appellant contends that, upon our finding him to be an employee, his negligence becomes the negligence of the respondent. The respondent would be primarily liable to Lundberg and under the rule the insurance company would have no right of subrogation. Without the right of subrogation the insurance company could not shift its burden to other shoulders.

The respondent asserts, on the other hand, that the appellant was an independent contractor to which the doctrine of *respondeat superior* does not apply. Hence, appellant would be liable for his own negligence.

Upon this issue of fact, the parties have marshalled the items of evidence which support their respective designations of their relationship. We find it unnecessary to resolve this question of fact, or to set out the evidence relating to it, for reasons which make it immaterial.

■ However sound appellant's position may or may not be as to his nonliability for his own *negligence* in causing the Lundberg injury, if we assume that he is an employee, the fact remains that the instant action is not based on his *negligence*. It is brought on the *contract* for indemnity. The contract is broad enough to cover all third party injuries "resulting from the operation of said equipment," without regard to which party's negligence caused it or how their relationship was designated.

Whatever appellant is, employee or independent contractor, he leased his truck and contracted to indemnify respondent for damages resulting from its operation.

Respondent's action sounds in contract. It does not require the existence of a coincidental tort action to sustain it.

As to his contract liability the appellant contends that the insurance company, not respondent, paid the third party judgment; that it is the real party in interest, is not privy to the contract of indemnity, and has no right of subrogation by reason of its primary liability; that it should, therefore, not be permitted to make itself whole at the expense of the appellant.

We can agree that the insurance company is not privy to the contract and that the insurance company paid the loss. But, the ultimate question here presented is whether or not the insurance company is subrogated to respondent's contractual right of indemnity.

■■ It is a well settled rule in tort actions that a party has a cause of action notwithstanding the payment of his loss by an insurance company. *Criez v. Sunset Motor Co.*, 123 Wash. 604, 213 Pac. 7, 32 A. L. R. 627; 81 A. L. R. 320; *Wood & Iverson v. Northwest Lbr. Co.*, 141 Wash. 534, 252 Pac. 98; *Lyons v. Freeborg*, 3 Wn. (2d) 380, 100 P. (2d) 1041. The purpose of this rule is to implement the insurance company's right of subrogation, and not to afford the respondent a double recovery.

"It [subrogation] is a device adopted by equity to compel the ultimate discharge of an obligation by him who in good conscience ought to pay it." 50 Am. Jur. 678.

That insurance company recoveries, under their right of subrogation, most often flow from tort actions is quite natural, but without significance. Subrogation is an equitable principle and applies to contract rights as fully as it does to tort actions.

By his contract the appellant bound himself to pay the loss. Respondent has a contractual right to recover it from him. This cause of action is not defeated by the insurance company's payment of the judgment. The insurer is subrogated to respondent's contract right of indemnity. This sustains the cause of action against appellant for the identical reason that subrogation sustains a tort action where the plaintiff has been paid for his loss.

The judgment is affirmed.

SCHWELLENBACH, C. J., ROBINSON, GRADY, and HAMLEY, JJ., concur.