INTERNATIONAL SERVICE INSUR-
ANCE COMPANY, a corporation,
Plaintiff,

v.

The HOME INSURANCE COMPANY, a
corporation, and Haskell Foods, Inc.,
a corporation, Defendants.

Civ. No. 66–129.

United States District Court
W. D. Oklahoma.

Nov. 30, 1967.

Charles C. Baker, Abernathy & Baker, Shawnee, Okl., for plaintiff.

Walter D. Hanson of Hanson, Fisher, Tumilty, Peterson, Melton & Tompkins, Oklahoma City, Okl., for defendants.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

Defendant Haskell Foods, Inc. (Haskell) was and is engaged in the food canning business in Haskell, Oklahoma. It had a fire insurance policy on its canning plant with the Plaintiff International Service Insurance Company (International) and a business interruption policy with the Defendant The Home Insurance Company (Home). Haskell sustained a severe fire at its canning plant. Haskell and International effected an arrangement under which International paid an agreed amount to Haskell for the fire loss and International was to have the salvage. The business interruption policy of Home permitted it to require its insured Haskell to conduct an expedited debris clearing and salvage operation at the expense of Home in order to reduce the amount of business interruption loss payments to be made under its policy. Such expense, however, could not exceed the savings effected on business interruption loss payments.

After International had started its debris clearing and salvage operation (using a salvor from Kansas City, Missouri), Home indicated its desire for an expedited salvage operation. Home, Haskell and International met in Haskell, Oklahoma (by their respective representatives) and an oral agreement was reached whereby International would perform an expedited rather than a normal debris clearing and salvage operation with Haskell to pay the expense thereof. When the operation was completed at the plant site International presented its bill for $26,002.24 which Home refused to pay, claiming that it had agreed only to pay for certain items which amounted to much less ($2346.85) than the bill submitted by International.

International then sued Home and Haskell, proceeding against Home on two theories, namely, for breach of the oral agreement above mentioned and recovery of the amount due thereunder, and in subrogation by enforcing the rights of Haskell against Home for the expedited operation. The case was tried to a jury. During the trial Haskell was dismissed as a party to the case. It was agreed that the jury would receive the controversy over the disputed oral agreement and determined the amount Home owed International under the same and that the Court would reserve the subrogation claim, and in connection therewith request the jury to answer two interrogatories, namely, what was the total cost and expense of the expedited operation conducted by International and what was the reduction in loss under its business interruption insurance policy because of the expedited operation.

The jury found on the oral agreement issue that Home owed International $22,659.58. By answers to the interrogatories submitted the jury found that the total cost and expense attributable to the expedited debris clearing and salvage operation was $26,002.24 and that the said expedited salvage operation reduced the loss under Home's business interruption insurance policy by $29,000.00. In these circumstances, the Court must now determine the reserved issue. International and Home have submitted briefs.

It is said with reference to subrogation:

"No general rule can be laid down for application of doctrine of subrogation, and its exercise depends upon the particular facts and circumstances of each case, it not being enforced as matter of legal right, but to subserve the ends of justice".

Boyd v. McKenney, (1926), 118 Okl. 8, 246 P. 406.

"The right to subrogation as it would otherwise arise from the equi-

ties existing between the parties may be modified or extinguished by agreement." 50 Am.Jur. Subrogation, Section 9, page 688.

The Court finds and concludes that in the circumstances of this case, the doctrine of subrogation should not be applied between the parties. International had no duty or obligation under its insurance policy with Haskell to expedite the salvage operation. Home had the right to require Haskell to expedite the salvage operation with Home to pay the expense involved with the limitation that it would pay no expenses in excess of savings brought about by the expedited salvage operation. International was entitled to the salvage as between it and Haskell and Home was entitled to an expedited salvage operation as between it and Haskell. In this situation it was logical that the three parties would meet and resolve the dilemma in which they found themselves. They did meet and as a result a new contract was made, this one between International and Home. Unfortunately, it was on oral contract and after the operation the parties could not agree as to its terms and the amount payable thereunder. This required resort to the courts. The jury agreed with International that the oral agreement was not restricted to a few items of expense as claimed by Home, and the jury then in its judgment and wisdom determined the amount due International from Home under the said oral contract for the expedited salvage operation.

■ The Court feels that the interested parties have eliminated the application of the doctrine of equitable subrogation from the situation by themselves entering into a new contract which took Haskell completely out of the matter and provided for an expedited salvage operation by International for the benefit of Home pursuant to the terms and obligations of the new contract. From the time of the said new contract the matter of expediting the operation and paying for the same became a contract matter between Home and International. Haskell was not involved. When they got in a dispute over the terms of the oral contract and the amount due thereunder they had a complete and adequate remedy at law which has been fully utilized in this litigation with the jury deciding what the terms of the oral contract were and how much was due thereunder from Home to International.

The parties to the said oral contract were in sharp disagreement over many items of expense included by International in its bill to Home as an expense of expediting the salvage operation. Under the evidence there was a wide range open to the jury as to the amount of their verdict with reference to the said oral agreement. The only difficulty encountered with reference to the work of the jury comes from the fact that it found the total cost of expediting the salvage operation to be in excess by $3,342.66 of the amount they found due International from Home by reason of said oral contract. But since Minute Maid Corporation had a stock of orange juice at the Haskell Canning plant on consignment to Haskell but owned by Minute Maid and therefore not insured by International's policy and which orange juice was commingled and had to be segregated and eventually destroyed without an attempt at salvage and with International's salvor doing this work by contract direct with Minute Maid it is possible that the jury felt that the total expediting cost in some measure included all or part of the Minute Maid operation, and since Minute Maid paid the salvor direct for this that Home should not be required to pay this amount. In addition to any consideration the jury may have given to the Minute Maid operation, there were many items of expense in dispute which could lower the amount claimed under the oral contract by International. In other words, this result is not necessarily inconsistent.

The Court therefore concludes with reference to the reserved issue that the same should be resolved against the Plaintiff and in favor of the Defendant Home Insurance Company and that final judgment should therefore be entered

herein in favor of the Plaintiff International in the sum of $22,659.58 and against the Defendant Home in accordance with the verdict of the jury. Counsel for the Plaintiff will prepare an appropriate judgment to be presented to the Court for entry herein.